The appellant, Virgil Bowers, was convicted of attempted murder in August 1992 and was sentenced to 20 years' imprisonment. The appellant's conviction and sentence were affirmed on direct appeal. Bowers v. State, 629 So.2d 793
(Ala.Cr.App. 1993).
On August 29, 1994, the appellant filed a petition for post-conviction relief pursuant to Rule 32, A.R.Crim.P, attacking his August 1992 conviction. In the petition, the appellant raised numerous issues and corresponding claims of ineffective assistance of counsel that he alleges are related to those issues. On September 13, 1994, the appellant filed "The Brief And Argument Of [the] Petitioner *Page 495 
On His Rule # 32 [petition]," C.R. 38, in which he further explained most of his arguments. The State filed virtually identical responses to the petition on September 13, 1994, and on September 15, 1994. In those responses, with respect to the claims of ineffective assistance of counsel, the State merely set forth the standards governing those claims and stated: "Petitioner clearly has not fulfilled his burden. Petitioner . . . failed to provide any basis in law or fact why his claim should be upheld." C.R. 36, 63. With respect to the remaining claims, the State asserted that they were precluded because, it argued, they "could have been, or were raised and addressed at trial [pursuant to] Rule 32.2(a)(3), 32.2(a)(2)[,] respectively," and they "could have been, or were raised on appeal. Rule 32.2(a)(5)." C.R. 36, 63-64. The trial court summarily denied the petition by noting in the case action summary, "Petition Denied." C.R. 1.
Where a defendant is represented at trial and on appeal by the same counsel, as here, claims of ineffective assistance of counsel are cognizable in a petition for post-conviction relief under Rule 32, A.R.Crim.P. Ex parte Besselaar, 600 So.2d 978,979 (Ala. 1992). This Court is unable to ascertain the basis of the trial court's decision denying the appellant's petition, and "[t]he basis for the circuit court's decision is essential to ensure the petitioner due process in his appeal of the denial of a Rule 32 petition." Richmond v. State,659 So.2d 973, 975 (Ala.Crim.App. 1994). "We fully recognize that in providing for the summary disposition of a petition for post-conviction relief, Rule [32.7(d)] does not require a statement of the reasons for the dismissal. . . . However, . . . we deem it the more judicious and prudent procedure to remand this cause to the circuit court with directions that that court specify the reasons for the dismissal of the petition."Henderson v. State, 570 So.2d 879, 880 (Ala.Crim.App. 1990). The trial court is directed to specify the reason or reasons for its dismissal as to each claim raised in the petition, whether based on procedure or on the merits. In remanding this cause, we direct the trial court's attention to our order of remand in Harper v. State, 676 So.2d 949 (Ala.Crim.App. 1995), in which we stated:
 "Because of the wealth of allegations in Harper's petition, if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle Harper to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2.
 "In the event that the circuit court on remand finds that any of Harper's claims, particularly any of the ineffective counsel claims, are meritorious on their face, the court may properly dispose of those allegations without an evidentiary hearing under one of two sets of circumstances. First, if it has before it 'facts supporting the position of each party [that] are fully set out in . . . supporting affidavits.' Johnson v. State, 564 So.2d 1019, 1021 (Ala.Cr.App. 1989) (relying on Temp. Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9(a), which states, in part, that 'the court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing'). Second, if the events that serve as the basis of the ineffective counsel allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991) (wherein the court held that 'a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed'). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App. 1991) (wherein the court noted that meritorious allegations 'warrant either an evidentiary hearing or an adequate explanation for their denial'). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper's allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. *Page 496 See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App. 1989)."
Should the trial court deem it necessary to hold an evidentiary hearing addressing the appellant's claims, the trial court's return to remand shall include a transcript of those proceedings. On remand, the trial court may, in its discretion, require a more thorough response from the State. A return to remand shall be filed with this Court within 56 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
* Note from the reporter of decisions: On November 22, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.