McMILLAN, Judge.
The appellant, Angela Moore MacEwan, appeals from the summary denial of her Rule 32, Ala.R.Crim.P., petition for post-conviction relief. Her underlying conviction was for capital murder, specifically the murder of a child under the age of 14, see § 13A-5^0(a)(15), Ala.Code 1975. She was sentenced to life imprisonment without parole. Her conviction was affirmed on direct appeal. See MacEwan v. State, 701 So.2d 66 (Ala.Crim.App.1997).
The appellant argues that the trial court erred in summarily dismissing her Rule 32 petition without conducting an evidentiary hearing. In her petition, the appellant argues that her attorney, who represented her both at trial and on appeal, rendered ineffective assistance of counsel. The appellant contends that counsel failed to assert on her behalf the affirmative defense that she was suffering from a mental disease or defect, even though, she says, counsel was aware of her mental health background. In support of her argument, she claims that counsel failed to submit any expert testimony or medical evidence regarding her mental health.
The record reveals that the trial court did not err in dismissing the petition without conducting an evidentiary hearing because it had before it an affidavit of the appellant’s attorney, stating that he had adequately investigated the appellant’s insanity defense, but had decided to not pursue that defense for strategic reasons. See Rule 32.9, Ala.R.Crim.P. Additionally, the record indicates that the trial judge who ruled on the Rule 32 petition also presided over the appellant’s trial and was therefore in the best position to rule on the allegations contained in the petition. See Makres v. State, 739 So.2d 1141 (Ala.Crim.App.1998). (If the trial judge has personal knowledge of facts underlying any allegations in the Rule 32 petition, the judge may deny those claims without further proceedings, so long as the specific reasons for the denial are stated in a written order.) Moreover, the record indicates that the trial court, in dismissing the petition, specifically found that the appellant had failed to meet her burden of proof regard *896 ing her ineffective-assistance claim. See King v. State, 729 So.2d 366 (Ala.Cr.App.1998) (in a Rule 32 proceeding, the petitioner must plead and prove by a preponderance of the evidence the facts necessary to entitle him to relief). The trial court did not err in summarily dismissing the appellant’s petition.
The judgment of the trial court is affirmed.
AFFIRMED.
LONG, P.J., and COBB, BASCHAB, and FRY, JJ., concur.