On Application for Rehearing
The opinion of July 20, 2001, is withdrawn and the following is substituted therefor.
Angela Moore MacEwan was convicted by a jury of capital murder for killing a child under the age of 14 years; see § 13A-5-40(a)(15), Ala. Code 1975. The *Page 897 
trial court sentenced her to life imprisonment without the possibility of parole. MacEwan appealed her conviction to the Court of Criminal Appeals, which unanimously affirmed, in MacEwan v. State, 701 So.2d 66
(Ala.Crim.App. 1997); this Court denied MacEwan's petition for the writ of certiorari.
Two years later, MacEwan filed a Rule 32, Ala.R.Crim.P., petition with the trial court, alleging that she had had ineffective assistance of counsel. (This present review arises out of that Rule 32 petition.) MacEwan argued that her representation at trial was ineffective because her attorneys declined to present an insanity defense on her behalf. MacEwan alleged that she had had a long history of mental-health problems and that her attorneys should have argued that, as the result of a mental defect or disease, she was unable to appreciate the wrongfulness of her conduct. After reviewing MacEwan's petition and the State's motion to dismiss, the trial court held that MacEwan had not met her burden of proof in alleging her claim of ineffective assistance of counsel.[1] The trial court dismissed the petition without holding an evidentiary hearing; the Court of Criminal Appeals unanimously affirmed the judgment of dismissal. See MacEwan v. State, [Ms. CR-99-0463, May 26, 2000]860 So.2d 894 (Ala.Crim.App. 2000). This Court granted MacEwan's petition for certiorari review in order to determine, from the record, whether the Court of Criminal Appeals had a sufficient basis for affirming the trial court's dismissal of MacEwan's postconviction motion. After reviewing the entire record, we reverse the judgment of the Court of Criminal Appeals and remand the case for an evidentiary hearing on MacEwan's ineffective-assistance-of-counsel claim.
One of MacEwan's claims in her Rule 32 petition is that the State did not serve a copy of its motion to dismiss the Rule 32 petition on MacEwan's Rule 32 counsel. The trial judge considered the State's motion to dismiss and summarily dismissed the Rule 32 petition without affording MacEwan an evidentiary hearing. MacEwan contends that the trial court erred in summarily dismissing her petition because, she says, her Rule 32 counsel's correct name and address were "clearly listed on the [Rule 32] petition" at the place where counsel had signed the petition, and counsel could have been served, but was not.
A failure on the part of the State in this case to serve its motion to dismiss on counsel for MacEwan in her Rule 32 proceeding is significant because attached to the motion to dismiss was an affidavit by MacEwan's trial counsel defending his effectiveness in conducting her defense. The summary dismissal of MacEwan's petition deprived her of an opportunity to cross-examine her trial counsel regarding the assertions he makes in the affidavit, the substance of which may have prompted the trial judge to dismiss the petition.
We cannot say with full confidence that the State's failure to serve its motion to dismiss (with the attached affidavit) on MacEwan's Rule 32 counsel did not prejudice MacEwan, because the trial judge neglected to enter a written order stating his reasons for summarily dismissing the petition. While such a written order is not required in a Rule 32 proceeding, it is sound judicial practice, particularly given the facts presented in this case. See Bowers v. State, 709 So.2d 494, 495
(Ala.Crim.App. 1995). Therefore, in order to allow *Page 898 
the trial court to properly inquire into the merits of MacEwan's ineffective-assistance-of-counsel claim, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court to remand it for the trial court to hold an evidentiary hearing.
APPLICATION GRANTED; OPINION OF JULY 20, 2001, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
MOORE, C.J., and HOUSTON, LYONS, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
BROWN, J., concurs in the result.
STUART, J., dissents.
[1] The trial court additionally found the claim to be time-barred. However, it appears MacEwan's petition was filed on the last day of the period allowed by Rule 32.2(c), Ala.R.Crim.P. This issue was not raised by either party on this certiorari review.