After Remand from the Alabama Supreme Court

McMILLAN, Presiding Judge.
In Ex parte MacEwan, 860 So.2d 896 (Ala.2002), the Alabama Supreme Court reversed the judgment of this Court and remanded the cause for us to remand to the trial court for an evidentiary hearing regarding the appellant’s ineffective-assistance-of-counsel claim. Although the trial court has already held such a hearing and made the findings of fact pursuant thereto, it did so before it had regained jurisdiction over this matter. In the interest of judi *899 cial efficiency, we will address this hearing as if it had been timely held.
The trial court’s order follows:
“The Defendant alleges that her attorneys failed to provide effective assistance because they did not present the defense of insanity.
“This court, having tried this case, and having considered the pleadings of the parties, the record of the court, and the evidence presented at the hearing, denies the Defendant’s petition on the following finding of facts.
“1. That George Andrews is an experienced, respected and competent criminal defense attorney.
“2. It is abundantly clear that Mr. Andrews and Mr. Thagard diligently and thoroughly investigated the defendant’s mental condition before, during, and after the death of her child.
“3. This investigation included a psychiatric examination of defendant by Dr. Beidleman, who concluded that defendant did not suffer from a mental disease or defect at the time of the offense.
“4. The defendant testified at the trial and was apparently not suffering from a mental disease or defect at the time of [t]he offense.
“5. That Mr. Andrews and Mr. Tha-gard, after discussing this issue with the defendant, chose not to present a defense for which they had no evidence.
“6. The primary issue in this case was the defendant’s degree of culpability. In other words, was the killing of her child intentional, reckless, criminally negligent or an accidental act.
“7. Given the facts in this case, this was the only viable or reasonable strategy left to defense counsel, and they pursued it vigorously and competently.
“8. The Court orally charged the jury on the offense of capital murder, reckless manslaughter and criminally negligent homicide.
“Based on the above, the Court finds that the Defendant has failed to prove:
“1. That her attorneys were deficient in their performance or
“2. That her attorneys’ performance prejudiced her such that the outcome would have been different but for her attorneys’ performance.”
Based on the trial court’s findings of facts as well as the record, the appellant’s ineffective assistance of counsel claim is without merit.
The judgment of the trial court is affirmed.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.