[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 563 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 564 
The appellant, Vernon Madison, appeals the circuit court's summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P.
In 1985, Madison was convicted of murdering Captain Julius Schulte of the Mobile Police Department while Capt. Schulte was engaged in the line of duty and during the performance of an official or job-related act. Madison's conviction was reversed because the prosecutor had removed black prospective jurors from the jury venire without having race-neutral reasons for doing so, in violation of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). See Madison v.State, 545 So.2d 94 (Ala.Crim.App. 1987). Madison was tried a second time and was again convicted of capital murder. Madison's second conviction was reversed because of the erroneous admission of expert testimony concerning Madison's mental condition at the time of the murder. See Madison v.State, 620 So.2d 62 (Ala.Crim.App. 1992). In 1994, Madison was tried a third time and was again convicted of capital murder. The circuit court found that the murder was committed while Madison was on parole for another offense and that Madison had previously been convicted of a crime of violence. Based on the existence of these aggravating circumstances, the circuit court overrode the jury's recommendation of life imprisonment without the possibility of parole and sentenced Madison to death. Madison's conviction and sentence of death were affirmed on direct appeal. See Madison v. State, 718 So.2d 90
(Ala.Crim.App. 1997), aff'd, 718 So.2d 104 (Ala.), cert. denied,525 U.S. 1006, 119 S.Ct. 521, 142 L.Ed.2d 432 (1998). This Court issued its certificate of judgment on July 10, 1998.
In June 1999, Madison filed a timely petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P., attacking his conviction and death sentence. After Madison filed his petition, the State filed its response and a motion to dismiss the petition. Madison then requested discovery. An evidentiary hearing was scheduled for February 23, 2000, but was continued on Madison's motion. In February 2003, the State moved that a hearing date be set. In August 2005, the State renewed its July 1999 motion to dismiss the Rule 32 petition. On August 25, 2005, the same day that the State filed its motion to dismiss, the circuit court adopted the State's proposed order summarily denying Madison's Rule 32 petition. This appeal followed.
At trial, the State's evidence tended to show that on the evening of April 18, 1985, Capt. Schulte was dispatched to Etta Avenue in Mobile to investigate a missing-child complaint. When Schulte arrived, the child's mother, Cheryl Green, and Madison were in the middle of a domestic dispute. Green had thrown Madison's personal items out of the house earlier that same day. Schulte was sitting in his car *Page 565 
when Madison and Green came out to talk with him. Madison then appeared to leave the residence. In actuality, Madison snuck around the corner, came up behind Schulte's car, pointed a gun at Schulte, and shot Schulte twice in the back of the head at point-blank range. He then shot Green in the back.
 Standard of Review
This is an appeal from the summary denial of a petition for postconviction relief. Rule 32.3, Ala.R.Crim.P., states that: "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief."
On direct appeal, we reviewed the guilt phase and penalty phase of Madison's trial for plain error. See Rule 45A, Ala.R.App.P. However, the plain-error standard of review does not apply to an appeal in a Rule 32 proceeding. See Ex parte Dobyne,805 So.2d 763 (Ala. 2001). Also, the procedural bars contained in Rule 32.2, Ala.R.Crim.R., apply to all cases, even those involving the death penalty. State v. Tarver,629 So.2d 14 (Ala.Crim.App. 1993). Last, "If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition." Reed v.State, 748 So.2d 231, 233 (Ala.Crim.App. 1999).
 I.
Madison argues that the circuit court erred in adopting the State's proposed order denying relief on the day that it was filed without first providing him the opportunity to respond to the motion.
A review of the history of the proceedings in the circuit court is necessary in order to evaluate this claim. The record shows the following sequence of events:
 June 18, 1999 — Madison filed his Rule 32 petition in the Mobile County Circuit Court.
 July 14, 1999 — The State filed its answer to Madison's petition.
 July 14, 1999 — The State filed a motion for partial dismissal based on Madison's failure to comply with the requirements of Rule 32.7(d), Ala.R.Crim.P.
 September 3, 1999 — Madison filed a motion for discovery of the prosecution's files.
 September 3, 1999 — Madison filed a response to the State's motion to dismiss and request to amend the Rule 32 petition.
 February 23, 2000 — Entry on the case action summary sheet indicating that Madison's attorney was called to active military service until August 2000 and that case was reset for a hearing on the pending motions.
 May 23, 2001 — The circuit court issued an order notifying Madison that the Rule 32 petition would be dismissed if counsel did not contact the court within 30 days. The case action summary sheet indicated that counsel had not contacted the court since the motion for a continuance was granted in February 2000.
 June 18, 2001 — Circuit court received letter from petitioner's counsel stating that discovery would be completed by the fall of that year. He requested that a hearing date be set after Christmas and New Year holidays.
 October 11, 2001 — Hearing date set for February 2002.
 November 19, 2001 — Madison moved for a continuance stating that counsel had been mobilized for military service for one year.
 January 7, 2002 — Notice of appearance filed by Madison's new attorney. *Page 566 
 February 26, 2003 — The State filed motion to set the case for a hearing.
 August 25, 2005 — The State renewed its motion to dismiss the Rule 32 petition. August 25, 2005 — The State filed proposed order denying the Rule 32 petition.
 August 25, 2005 — The circuit court issued order dismissing Madison's Rule 32 petition.
 October 3, 2005 — Madison filed timely notice of appeal.
 A.
Initially, we note that it was not error for the circuit court to adopt the State's proposed order when denying relief. As we have repeatedly stated:
 "`The Alabama Supreme Court and this Court have repeatedly upheld a circuit court's wholesale adoption of a proposed order prepared by one of the parties. See Ex parte Masonite Corp., 681 So.2d 1068
(Ala. 1996); DeBruce v. State, 890 So.2d 1068
(Ala.Crim.App. 2003); Slaton v. State, 902 So.2d 102 (Ala.Crim.App. 2003); Hamm v. State, 913 So.2d 460 (Ala.Crim.App. 2002); Dobyne v. State, 805 So.2d 733
(Ala.Crim.App. 2000); Pierce v. State, 851 So.2d 558 (Ala.Crim.App. 1999); Lawhorn v. State, 756 So.2d 971 (Ala.Crim.App. 1999); Jones v. State, 753 So.2d 1174
(Ala.Crim.App. 1999); Knotts v. State, 686 So.2d 431
(Ala.Crim.App. 1995); Grayson v. State, 675 So.2d 516 (Ala.Crim.App. 1995); Sockwell v. State, 675 So.2d 4 (Ala.Crim.App. 1993); Cade v. State, 629 So.2d 38 (Ala.Crim.App. 1993); Hallford v. State, 629 So.2d 6
(Ala.Crim.App. 1992); Holladay v. State, 629 So.2d 673 (Ala.Crim.App. 1992); Thompson v. State, 615 So.2d 129 (Ala.Crim.App. 1992); Wright v. State, 593 So.2d 111
(Ala.Crim.App. 1991); Hubbard v. State, 584 So.2d 895 (Ala.Crim.App. 1991); Weeks v. State, 568 So.2d 864 (Ala.Crim.App. 1989); Morrison v. State, 551 So.2d 435
(Ala.Crim.App. 1989),'"
Hunt v. State, 940 So.2d 1041 (Ala.Crim.App. 2005), quoting Coral v. State, 900 So.2d 1274, 1288
(Ala.Crim.App. 2004), overruled on other grounds, Ex parteJenkins, 972 So.2d 159 (Ala. 2005).
 B.
Nor do we agree with Madison's assertion that he was not given notice or an opportunity to respond to the State's motion for dismissal. The record shows that within 30 days of the filing of the Rule 32 petition the State responded to the petition and filed a motion to dismiss. In both the response and the motion to dismiss, the State asserted that Madison had failed to comply with the specificity requirements of Rule 32.6(b), Ala. R.Crim.P., because Madison failed to assert a factual basis for each claim. The State also asserted that many of Madison's claims were procedurally barred because they could have been, but were not, raised at trial or on appeal. See Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P. Madison was placed on notice in July 1999 of the State's defense to the Rule 32 petition and had over six years to amend the petition or to take other action. Madison failed to pursue the case.
The Supreme Court has held: "`Where a simple reading of the petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.'" Bishop v. State, 608 So.2d 345, 347-48
(Ala. 1992) (quoting and agreeing with Judge Bowen's dissent inBishop v. State, 592 So.2d 664, 667 (Ala.Crim.App. 1991)).
Madison relies on the Supreme Court's decision in Ex parteMacEwan, *Page 567 860 So.2d 896 (Ala. 2002), to support his contention that he was denied an opportunity to respond to the motion to dismiss and that, therefore, the case must be remanded to the circuit court to give him that opportunity. However, in MacEwan, the State filed a motion to dismiss MacEwan's petition, attaching an affidavit executed by MacEwan's trial counsel, and the motion was not served on MacEwan. The Supreme Court noted that the affidavit was significant because it disputed MacEwan's claims of ineffective-assistance-of-counsel. In reversing the judgment and remanding the case, the Supreme Court held that MacEwan was denied an opportunity to rebut the assertions made in the affidavit. The Supreme Court stated:
 "We cannot say with full confidence that the State's failure to serve its motion to dismiss (with the attached affidavit) on MacEwan's Rule 32 counsel did not prejudice MacEwan, because the trial judge neglected to enter a written order stating his reasons for summarily dismissing the petition. While such a written order is not required in a Rule 32 proceeding, it is sound judicial practice, particularly given the facts presented in this case. See Bowers v. State, 709 So.2d 494, 495 (Ala.Crim.App. 1995). Therefore, in order to allow the trial court to properly inquire into the merits of MacEwan's ineffective-assistance-of-counsel claim, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court to remand it for the trial court to hold an evidentiary hearing."
860 So.2d at 897-98. Clearly, this case is factually distinguishable from MacEwan. Here, there was no affidavit attached to the State's motion to dismiss, and the circuit court entered a detailed order denying Madison's Rule 32 petition. Moreover, the Supreme Court implicitly recognized inMacEwan that in some instances when a petitioner is not notified that the State has filed a motion to dismiss there may be no prejudice. Clearly, this case represents just such an instance. Madison was notified of the State's asserted grounds of preclusion more than six years before the circuit court denied the Rule 32 petition.
This case languished in the circuit court for years with little action. In granting the State's renewed motion to dismiss on the day the motion was filed, the circuit court concluded the long-delayed postconviction proceedings. The issues raised in Madison's Rule 32 petition were either procedurally barred or precluded. Therefore, if any error did occur, it was harmless. Cf. Young v. State, 600 So.2d 1073 (Ala.Crim.App. 1992) (prosecutor's failure to file response to Rule 32 petition was harmless); Moran v. State, 649 So.2d 1292
(Ala.Crim.App. 1993) (prosecutor's failure to file timely answer to Rule 32 petition was harmless).
 C.
Madison also argues in his brief to this Court that the circuit court confused his burden to "plead" facts with his burden to "prove" facts. He asserts that he pleaded facts that, if true, would entitle him to relief.
 Rule 32.6(b), Ala.R.Crim.R., states:
 "The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."
When describing a petitioner's burden under Rule 32.6(b), Ala.R.Crim.P., this Court has stated: *Page 568 
 "`Rule 32.6(b) requires that the petition
itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App. 1999). In other words, it is not the pleading of a conclusion `which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So.2d 1370, 1373
(Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitle a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts."'
Boyd v. State, 913 So.2d 1113, 1125
(Ala.Crim.App. 2003).
 "The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So.2d 724 (Ala.Crim.App. 2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must `identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' Strickland v. Washington, 466 U.S. 668, 690 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' 466 U.S. at 694. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient."
Hyde v. State, 950 So.2d 344, 356 (Ala.Crim.App. 2006).
A review of the record shows that the circuit court did not confuse Madison's burden of pleading facts with his burden of proving facts. An example of Madison's failure to plead any factual grounds is the following claim in Madison's Rule 32 petition:
 "Trial counsel failed to adequately investigate and present evidence of Mr. Madison's mental illness during the guilt and penalty phase of the trial. If not for trial counsel's failure to investigate, develop, and present this evidence at trial there is a reasonable probability that the outcome would have been different."
(C.R. 34-35.) Madison stated no facts to support this claim. Clearly, this claim failed to meet the specificity requirements of Rule 32.6(b), Ala.R.Crim.P.
 II.
Madison further argues that he was denied the effective assistance of counsel at both the guilt and penalty phases of his capital-murder trial.
When Madison was last tried in 1994, the procedure established in Ex parte Jackson, 598 So.2d 895 (Ala. 1992), was in effect. Under Jackson, newly appointed appellate counsel could extend the time for filing a motion for a new trial until the record of the trial proceedings was completed, and counsel could then raise an ineffective-assistance-of-trial-counsel claim in the motion for a new trial and on direct appeal. The Alabama Supreme Court, noting the problems Jackson created, overruledJackson in Ex parte Ingram, 675 So.2d 863
(Ala. 1996). However, from *Page 569 
1992, when the Supreme Court's opinion in Jackson was released, until it was overruled in 1996, Jackson was the law.
We have taken judicial notice of the record of Madison's trial proceedings. See Ex parte Salter, 520 So.2d 213
(Ala.Crim.App. 1987). Madison was sentenced to death in July 1994. New counsel was appointed for purposes of appeal to this Court, and counsel filed a Jackson motion to extend the time for filing a motion for a new trial.[1] After the record was completed and forwarded to appellate counsel, counsel chose not to pursue any ineffective-assistance-of-trial-counsel claim. As we have stated:
 "If the appellant was convicted before the Alabama Supreme Court's decision in [Ex parte] Ingram, [675 So.2d 863 (Ala. 1996),] newly appointed appellate counsel could have presented claims of ineffective assistance of trial counsel in a motion for new trial filed pursuant to Ex parte Jackson, 598 So.2d 895 (Ala. 1992). Those same claims of ineffective assistance of trial counsel could have then been presented on direct appeal. Accordingly, if the appellant was convicted before the decision in Ingram, and the appellant was, in fact, represented by separate appellate counsel, then the allegations of ineffective assistance of trial counsel presented in the Rule 32 petition are precluded from review, because the claims could have been, but were not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P."
Andersch v. State, 716 So.2d 242, 245
(Ala.Crim.App. 1997). See also Davis v. State, [Ms. CR-03-2086, March 3, 2006] ___ So.2d ___, ___ Ala.Crim.App. 2006), quoting Payne v. State,791 So.2d 383, 390 (Ala.Crim.App. 1999).
Here, the circuit court correctly determined that Madison's claims of ineffective assistance of trial counsel were procedurally barred because they could have been, but were not, raised at trial or on appeal. See Rules 32.2(a)(3) and (a)(5), Ala. R.Crim.P.
 III.
Madison next argues that the State violated Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215
(1963), by failing to disclose potentially exculpatory evidence. Madison does not identify any specific evidence the State failed to disclose. He stated merely that the State withheld "exculpatory material and crucial mitigating evidence." (C.R. 36.)
The circuit court stated the following concerning this claim:
 "In Payne v. State, 791 So.2d 383, 398
(Ala.Crim.App. 1999), the Alabama Court of Criminal Appeals held that a postconviction Brady
claim raised in a Rule 32 petition must meet all five prerequisites of [newly discovered evidence in] Rule 32.1(e), Ala.R.Crim.P. Rule 32.1(e) defines newly discovered evidence as follows:
 "`Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:
 "`(1) The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times *Page 570 
through the exercise of reasonable diligence;
 "`(2) The facts are not merely cumulative to other facts that were known;
 "`(3) The facts do not merely amount to impeachment evidence;
 "`(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
 "`(5) The facts establish that petitioner is innocent of the crime for which petitioner was convicted or should not have received the sentence that petitioner received.'
 "In Boyd v. State, [913 So.2d 1113] (Ala.Crim.App. 2003), the Alabama Court of Criminal Appeals held that `the circuit court correctly ruled that Boyd's Brady claim is procedurally barred' because `Boyd did not assert in his petition that the claim was based on newly discovered evidence[s]' Likewise, in DeBruce v. State, [890 So.2d 1068] (Ala.Crim.App. 2003), the Court of Criminal Appeals held that DeBruce's postconviction Brady allegations in his second amended Kule 32 petition were deficiently pleaded because `DeBruce [did] not argue that these claims were based on newly discovered evidence.' In Williams v. State, 782 So.2d 811, 818 (Ala.Crim.App. 2000), the Criminal Court of Appeals held that `[Williams] did not assert that [his Brady] claim was based on newly discovered evidence. Therefore, it is procedurally barred because he could have raised it at trial and on direct appeal, but did not.' Further, in Barbour v. State, [903 So.2d 858] (Ala.Crim.App. 2004), the Court of Criminal Appeals held that `[t]he [trial] court correctly concluded that because Barfiour had failed to meet the requirements of Rule 32.1(e), Ala. E.Crim.P., to establish a claim based on newly discovered evidence Barbour's Brady claim was procedurally barred.'
 "At Madison's third trial, this Court ordered that his trial counsel `have entire open file discovery5 from the State. (R. 11) Madison fails to proffer a single fact in . . . his Rule 32 petition, raising the slightest inference his postconviction Brady
claim is based on newly discovered evidence. Madison does not mention Rule 32.1(e) in his Rule 32 petition much less acknowledge its requirements. Because Madison proffers no fact in his Rule 32 petition showing the Brady claim . . . is based on newly discovered evidence, the Court finds it is procedurally barred from postconviction review. Rules 32.2(a)(3) and (a)(5), Ala.R.Crim.P. See State v. Tarver, 629 So.2d 14, 19 (Ala.Crim.App. 1993) (holding that `(t)he procedural bars of Rule 32 apply with equal force to all cases, including those in which the death penalty has been imposed')."
(C.R. 207-09.)The circuit court's findings and legal conclusions are supported by caselaw and the record, and we adopt them as part of our opinion.
 IV.
Madison next argues that his sentence of death by electrocution constitutes cruel and unusual punishment.
The Alabama Legislature recently adopted § 15-18-82.1, Ala. Code 1975, which allows a death-row inmate the option of choosing his method of execution — either lethal injection or electrocution. Section 15-18-82.1(a), specifically provides: "A death sentence shall be executed by lethal injection, unless the person sentenced to death affirmatively elects to be executed by electrocution." This change in the law applies to every individual on Alabama's death row and renders Madison's argument moot. See Adams v. *Page 571 State, 955 So.2d 1037 (Ala.Crim.App. 2003), rev'd in part, on other grounds, 955 So.2d 1106 (Ala. 2005).
 V. Madison next asserts that he was denied the effective assistance of counsel on direct appeal to this Court.
Madison asserted the following claim in his Rule 32 petition:
 "It is well settled that any defendant is entitled to effective assistance of counsel at critical stages of any criminal proceeding. Where appeal is provided for, an appellant is entitled to effective assistance of counsel. Evitts v. Lucey, 469 U.S. 387
(1985). In the instant case, the petitioner was denied the effective assistance of counsel when his appellate attorney was disbarred during the course of his representation. The petitioner was deprived of a full and fair review of his appeal due to this, and the same appellate counsel failed to brief several crucial issues to the petitioner. Moreover, he failed to adequately supplement the record, and to challenge the competency of trial counsel. The failure of the appellate counsel to provide effective assistance resulted in the petitioner being denied his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the provisions of the Alabama Constitution, and Alabama law."
(C.R. 41.) This paragraph constitutes Madison's entire argument on this issue.
The circuit court when denying relief stated:
 "Madison does not argue his appellate counsel was disbarred because of his performance in Madison's case nor does he proffer any facts in his Rule 32 petition indicating how he was prejudiced due to his appellate counsel being disbarred. See Adkins v. State, [930 So.2d 524] (Ala.Crim.App. 2001) (holding that `[t]he fact that [Adkins' defense counsel] have been disciplined by the Alabama State Bar on unrelated matters has no bearing on their performance in Adkins' trial'). Madison also fails to identify in . . . his Rule 32 petition one `crucial issue' his appellate counsel failed to raise on direct appeal and fails to proffer what his appellate counsel could have added to the record that would have caused a different result on direct appeal. Finally, Madison fails to identify . . . one example of ineffective assistance from his trial counsel his appellate counsel should have raised on direct appeal. See Coral v. State, [900 So.2d 1274] (Ala.Crim.App. 2004) (holding that `[e]ach subcategory [of ineffective assistance of counsel] is an independent claim that must be sufficiently plead'). The Court finds the allegation of ineffective assistance of appellate counsel in . . . Madison's Rule 32 petition fails to meet the specificity and full factual pleading requirements of Rule 32.6(b); therefore, they are summarily dismissed."
(C.R. 215.) We agree with the circuit court's findings and adopt them as part of our opinion.
 VI.
The following issues are procedurally barred because they could have been, but were not, raised at trial or on direct appeal. See Rules 32.2(a)(3) and 32.2(a)(5), Ala.R.Crim.P.
 (1) The trial judge failed to recuse himself from presiding over Madison's third capital-murder trial;
 (2) Madison's sentence of death was unconstitutional because it was racially motivated;
 (3) Madison's execution would violate the Supremacy Clause of the United States Constitution because there is no *Page 572 
meaningful procedure for clemency in Alabama; and
 (4) The circuit court erred in using an element of the capital-murder offense as an aggravating circumstance.
 VII.
The following claims are procedurally barred because they were raised and addressed on direct appeal. See Rule 32.2(a)(4), Ala.R.Crim.P. A. The State violated Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), by using its strikes in a racially discriminatory manner.
On direct appeal, we stated:
 "The appellant's evidence was insufficient to show that the struck jurors shared only the characteristic of race. It also was insufficient to show a pattern of strikes against black jurors, particularly in light of the increased percentage of blacks who served on the jury relative to both the initial panel and the population of the county. The only evidence that arguably could lead to an inference of discrimination was a lack of questions or meaningful questions to 3 of the challenged jurors. The trial court's determination as to whether the defendant has established purposeful racial discrimination should be reversed only if it is clearly erroneous. Ex parte Branch, [526 So.2d 609 (Ala. 1987)]. The trial court's denial of the appellant's Batson
motion in the present case was not clearly erroneous."
Madison, 718 So.2d at 102 (footnote omitted). This claim was raised and addressed on direct appeal and is procedurally barred. See Rule 32.2(4), Ala.R.Crim.P.
B. The circuit court erred in failing to grant Madison's motion for a change of venue.
On direct appeal, we stated:
 "Venue should be changed when there is a showing of inherently prejudicial publicity that has so saturated the community as to have a probable impact upon the jurors. Jackson v. State, 516 So.2d 726
(Ala.Cr.App. 1985). Here, the appellant has presented no evidence with regard to prior publicity. With regard to probable impact, the record reveals that 8 of 60 veniremembers responded that they had some prior knowledge concerning the appellant's case. The trial court conducted an individual voir dire of those eight and permitted the appellant to challenge for cause all of them to whom he objected. One was struck because he had `already given us a number of reasons,' another stated that he `believe[d] that if the Defendant was indicted and he's here, probably had one or two court trials already, that he's probably guilty, sir,' and the third had been acquainted with the victim through her job as a substitute teacher. The remaining venire-members stated that their knowledge of the appellant's case was general in nature and that they could render a fair and impartial verdict. Therefore, the trial court properly denied the appellant's motion for a change of venue."
Madison, 718 So.2d at 99-100. This claim was raised and addressed on direct appeal and is barred in this Rule 32 proceeding. See Rule 32.2(a)(4), Ala.R.Crim.P.
For the forgoing reasons, we affirm the circuit court's order denying Madison's Rule 32 petition.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ. concur.
[1] Our records show that this Court issued a Ex parteJackson order related to Madison's direct appeal on September 29, 1994. *Page 573