On Application for Rehearing
The opinion issued on April 27, 2007, is withdrawn, and the following opinion is substituted therefor.
Ahmed Hossin Abdeldayem appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his August 2004 conviction for robbery in the first degree and his resulting sentence of 20 years' imprisonment. This Court affirmed Abdeldayem's conviction and sentence on appeal in an unpublished memorandum issued on September 23, 2005.Abdeldayem v. State (No. CR-04-0144), 945 So.2d 1096
(Ala.Crim.App. 2005) (table). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on December 9, 2005.
Abdeldayem filed his Rule 32 petition on May 17, 2006. Although the petition was verified by Abdeldayem, it listed David Gespass as his attorney.[1] The petition contained in the record consists solely of the Rule 32 form, with a check next to the box stating, "The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief." (C. 6.) No attachments to the form containing any specific allegations are included in the record. On June 9, 2006, the circuit court directed the State to respond to the petition. On June 14, 2006, the State filed a response to Abdeldayem's petition. The next day, June 15, 2006, the circuit court issued an order summarily denying Abdeldayem's petition. On July 25, 2006, Gespass filed a notice of appeal on Abdeldayem's behalf.
On August 24, 2006, Gespass filed with this Court a "Motion to Remand for Reconsideration or, in the Alternative, to Correct the Record." In that motion, Gespass argued that despite his representation of Abdeldayem throughout the Rule 32 proceedings, he had never been served with copies of any court orders or with a copy of the State's response to the petition; that he had consulted with Abdeldayem and Abdeldayem had likewise not received any court orders or the State's response to his petition; that he was not even aware that the petition had been denied until he telephoned the circuit clerk's office to check on the status of the case one week before the time for filing a notice of appeal was to lapse and discovered that the petition had been denied; and that the record failed to include the attachment to the Rule 32 form that explained Abdeldayem's claims for relief. Gespass argued that he was unable to file a motion to reconsider the circuit court's denial of the petition because he did not become aware of the denial until over 30 days after the order denying the petition had been entered; that he did not know whether the attachment to the petition explaining the grounds for relief had been *Page 610 
misplaced by the circuit clerk's office or inadvertently misplaced by him and not properly filed with the Rule 32 form, but that had he been notified of the State's response and/or the court's order, any error in the attachment not being properly filed could have been corrected; and that, had he been served with a copy of the State's response to the petition, he would have filed "a detailed rejoinder" setting forth "a detailed explanation of the specific grounds of the petition." On August 29, 2006, this Court denied Abdeldayem's request to remand for reconsideration of his petition; treated Abdeldayem's motion as a motion to supplement the record pursuant to Rule 10(g), Ala.R.App.P.; and transferred the motion to the circuit court for disposition. On October 5, 2006, the circuit court denied Abdeldayem's motion to correct the record, stating "Motion to Correct Record is denied. Everything in the file has been sent to the Court of Criminal Appeals."
On appeal, Abdeldayem contends that he was denied due process when his counsel was not served with copies of any of the orders issued by the circuit court or a copy of the State's response to his petition, and he reasserts the allegations made in his motion to remand/motion to correct the record.
The State argues that Abdeldayem's due-process claim is not properly preserved for review because it was never presented to the circuit court. "The general rules of preservation apply to Rule 32 proceedings," Boyd v. State, 913 So.2d 1113,1123 (Ala.Crim.App. 2003), and we agree with the State that Abdeldayem did not present this claim to the circuit court. However, Abdeldayem argues that he and his counsel were unaware, until after the time for filing a motion to reconsider had passed, [2] that the State had responded to the petition or that the petition had, in fact, been denied.[3] Under these circumstances, it would have been impossible for Abdeldayem to have properly raised this claim in the circuit court; thus, we will not prevent Abdeldayem from raising this issue for the first time on appeal.
In Presley v. State, 978 So.2d 63
(Ala.Crim.App. 2005), this Court addressed a similar due-process claim regarding the failure of a circuit court to notify a Rule 32 petitioner of its orders. In Presley, the *Page 611 
circuit court failed to notify Presley or his counsel that it had granted the State's motion for partial dismissal of some of the claims in Presley's Rule 32 petition, but had granted leave for Presley to amend those claims the court believed to be insufficiently pleaded; that it had denied Presley's motions for discovery, but granted Presley 14 days to file new discovery requests with additional details; and that it had denied Presley's motion to proceed ex parte on a request for funds for experts but had instructed Presley that further motions for experts would have to be linked to specific allegations in Presley's petition. Although counsel later discovered that she had not been served with the orders and was subsequently allowed to file additional discovery motions and a motion for funds, this Court nevertheless held that Presley's due-process rights were violated when the court failed to notify Presley or his counsel of the orders. We stated:
 "Rule 34.5, Ala.R.Crim.P., provides, `Upon the entry of any order in a criminal proceeding made in response to a motion, other than an order made in open court, the clerk shall, without undue delay, furnish all parties a copy thereof by mail or by other appropriate means approved by the judge.' Thus, notice of each of the trial court's orders was required by the Alabama Rules of Criminal Procedure. The lack of notice violated Presley's due-process rights.
 "In Ex parte Fountain, 842 So.2d 726
(Ala. 2001), the Alabama Supreme Court addressed a similar due-process issue that arose when the defendant, Fountain, was not served with the State's brief in the appeal of the summary dismissal of Fountain's Rule 32 petition. The Court commented on the importance of due-process rights:
 "`" Both the Alabama and United States Constitutions protect a citizen of this state from being deprived of life or liberty without `due process of law.' The phrase `due process of law,' although incapable of a precise definition, in its most basic sense encompasses the observation of that degree of fundamental fairness that is essential to our concept of justice."
 "'Ex parte Frazier, 562 So.2d 560, 565 (Ala. 1990) (citations omitted).'
 "Ex parte Fountain, 842 So.2d at 730 (emphasis added [in Presley]). The Court further stated:
 "`"[Procedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one's life, liberty, or property interests are about to be affected by governmental action." Brown's Ferry Waste Disposal Ctr., Inc. v. Trent, 611 So.2d 226, 228 (Ala. 1992).
 "`"Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them."
 Ex parte Weeks, 611 So.2d [259,] 261 [(Ala. 1992)] (emphasis added [in Fountain]).'
"Ex parte Fountain, 842 So.2d at 729.
 "The Court noted that Rule 31, Ala. R.App.P., requires that each party's briefs be served on the other party so *Page 612 
that the opposing party can respond to the arguments. Finding that the lack of service of the State's brief denied Fountain's appellate due-process rights, the Court reversed the portion of this Court's judgment affirming the denial of Fountain's Rule 32 petition. The Court also ordered a remand so the State could serve Fountain with a copy of its brief and Fountain could reply to the brief; following the remand, this Court was ordered to `consider anew' those issues not disposed of by the Alabama Supreme Court. Ex parte Fountain, 842 So.2d at 730.
 "In Ex parte Weeks, 611 So.2d 259 (Ala. 1992), quoted in Ex parte Fountain, above, Weeks was convicted in district court. He appealed the convictions to the circuit court for a trial de novo before a jury. The circuit court dismissed the appeal because Weeks failed to appear. Weeks failed to appear because, despite assurances that he would receive notice of the trial, the circuit clerk had failed to notify Weeks of his trial date. The time for taking an appeal had also passed. Weeks filed a petition for a writ of mandamus with this Court after the circuit court refused to set aside its order dismissing the appeal. This Court denied the petition by order. Weeks then filed a petition for a writ of mandamus with the Alabama Supreme Court, which granted the writ and directed the circuit court to reinstate the appeal. That Court determined that Weeks's due-process rights had been denied when the court, acting through the clerk, failed to notify him of the trial date when it had undertaken the duty to do so.
 "The Court stated:
 "`Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.'
 "Ex parte Weeks, 611 So.2d at 262.
 "The due-process principles discussed and applied in Ex parte Fountain and Ex parte Weeks
were similarly violated here by the circuit court's failure to serve Presley with copies of the circuit court's order granting the State's motion for partial dismissal and the orders denying his motions for discovery and for funds to retain experts, all of which granted Presley leave to amend. As soon as the court became aware that Presley had not been served with these orders, and that the deadline for amending the discovery motion had passed, the circuit court should have provided Presley with copies of the orders, and the case should have proceeded from there. The court did not do so, however, and as a result, the case took a convoluted path until it was eventually dismissed entirely without benefit of a hearing. The only adequate remedy at this point, as was the case in Ex parte Fountain and Ex parte Weeks, is to return the parties to their respective positions at the time the orders were entered in January 2002, and allow the proceedings to continue from that point."
978 So.2d at 66-68 (footnotes omitted).
In Ex parte MacEwan, 860 So.2d 896 (Ala. 2002), the Alabama Supreme Court *Page 613 
recognized the denial of due process when neither MacEwan nor her counsel was served with the State's response to MacEwan's Rule 32 petition; the Court explained:
 "One of MacEwan's claims in her Rule 32 petition is that the State did not serve a copy of its motion to dismiss the Rule 32 petition on MacEwan's Rule 32 counsel. The trial judge considered the State's motion to dismiss and summarily dismissed the Rule 32 petition without affording MacEwan an evidentiary hearing. MacEwan contends that the trial court erred in summarily dismissing her petition because, she says, her Rule 32 counsel's correct name and address were `clearly listed on the [Rule 32] petition' at the place where counsel had signed the petition, and counsel could have been served, but was not.
 "A failure on the part of the State in this case to serve its motion to dismiss on counsel for MacEwan in her Rule 32 proceeding is significant because attached to the motion to dismiss was an affidavit by MacEwan's trial counsel defending his effectiveness in conducting her defense. The summary dismissal of MacEwan's petition deprived her of an opportunity to cross-examine her trial counsel regarding the assertions he makes in the affidavit, the substance of which may have prompted the trial judge to dismiss the petition.
 "We cannot say with full confidence that the State's failure to serve its motion to dismiss (with the attached affidavit) on MacEwan's Rule 32 counsel did not prejudice MacEwan, because the trial judge neglected to enter a written order stating his reasons for summarily dismissing the petition. While such a written order is not required in a Rule 32 proceeding, it is sound judicial practice, particularly given the facts presented in this case. See Bowers v. State, 709 So.2d 494, 495 (Ala.Crim.App. 1995). Therefore, in order to allow the trial court to properly inquire into the merits of MacEwan's ineffective-assistance-of-counsel claim, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court to remand it for the trial court to hold an evidentiary hearing."
860 So.2d at 897.
Here, as in Ex parte MacEwan and Presley, Abdeldayem's due-process rights were violated. The record affirmatively shows that neither the circuit court's orders nor the State's response was served on Abdeldayem's counsel. Rather, the record indicates that they were served on Abdeldayem himself at Kilby Correctional Facility.[4] Rule 34.4, Ala.R.Crim.P., provides, in pertinent part:
 "Unless otherwise provided in these rules, notice of any hearings at which the defendant's presence is required shall be served on the defendant, and, if the defendant is represented by counsel, also upon counsel. As to all other notices or documents, where the defendant is represented by counsel, service shall be made upon the attorney of record.
 . . ."
(Emphasis added.) See also Rule 32.7(a), Ala.R.Crim.P. ("Within thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney (or, in the case of a petition filed in the municipal court, the municipal prosecutor) shall file with the court and send to the petitioner or counsel for *Page 614 the petitioner, if any, a response" (emphasis added)). Thus, the State's response and the circuit court's orders should have been served on counsel, not Abdeldayem, and the failure to do so violated Abdeldayem's due-process rights.
We recognize that, unlike in Ex parte MacEwan, in this case the State did not file an affidavit with its response, and this Court has held that, in some instances, there may be no prejudice when a Rule 32 petitioner is not notified of the State's response. See, e.g., Madison v. State, [Ms. CR-05-0052, September 29, 2006] ___ So.2d___(Ala.Crim.App. 2006). However, we cannot say that that is the case here. Although the record contains only the Rule 32 form with no attachment containing Abdeldayem's specific allegations, counsel alleges in his motion to remand/motion to correct the record, and the State's response to Abdeldayem's petition suggests, [5] that there was, in fact, an attachment to the form that was, for whatever reason, not properly filed. Had Abdeldayem's counsel been properly notified of the court's order directing the State to respond, of the State's response, or of the court's order denying Abdeldayem's petition, he may have been able to rectify the apparent error in the filing of the attachment at the circuit court level, and we have no way of knowing what the circuit court would have done had it been informed of the apparent filing error either in a reply to the State's response or in a motion to reconsider. In addition, the circuit court denied Abdeldayem's petition on the grounds asserted by the State in its response, including the ground that Abdeldayem's petition was barred by Rule 32.2(a)(5), Ala.R.Crim.R., because his claims could have been, but were not, raised and addressed on appeal. However, Abdeldayem's counsel attached to his motion to remand/motion to correct the record, a copy of the attachment that was supposed to have been filed with the Rule 32 form. The attachment reflects that Abdeldayem raised claims of ineffective assistance of counsel, and our records reflect that Abdeldayem was represented by the same counsel at trial and on appeal. In addition, this is Abdeldayem's first Rule 32 petition, and his petition was timely filed. Therefore, Abdeldayem's ineffective-assistance-of-counsel allegations would not be barred by Rule 32.2(a)(5), Ala. R.Crim.P. See, e.g., Murrayv. State, 922 So.2d 961 (Ala.Crim.App. 2005) (claims of ineffective assistance of counsel may be raised for the first time in a timely filed Rule 32 petition). Had Abdeldayem's Rule 32 counsel been properly served with the State's response, he would have had the opportunity to meet his burden under Rule 32.3, Ala. R.Crim.P., of disproving by a preponderance of the evidence the existence of the procedural bar asserted by the State.
Therefore, under the circumstances in this case, we hold that Abdeldayem was denied due process when his counsel was not served with the State's response or the circuit court's orders as required by Rule 34.4, Ala.R.Crim.P. The only adequate remedy at this point, as was the case in Presley, is to return the parties to then-respective positions at the time the State initially filed its response, and to allow the proceedings to continue from that point, with full compliance with Rule 34.4.[6] *Page 615 
Accordingly, the judgment of the circuit court is reversed and this cause remanded for proceedings consistent with this opinion.
OPINION OF APRIL 27, 2007, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
BASCHAB, P.J., and McMILLAN and WELCH, JJ., concur. WISE, J., concurs in the result.
[1] A Rule 32 petition can be verified by a petitioner or the petitioner's attorney. See Rule 32.6(a), Ala.R.Crim.P.
[2] See Loggins v. State, 910 So.2d 146
(Ala.Crim.App. 2005) (acknowledging that, although not provided for in the Alabama Rules of Criminal Procedure, this Court has recognized a motion to reconsider as a valid post-judgment motion in the Rule 32 context).
[3] The State does not dispute that neither Abdeldayem nor his counsel was served with copies of the State's response or the circuit court's orders or that counsel did not learn of the denial of the petition until more than 30 days after the denial. Indeed, the State argues in the alternative that a remand is necessary in this case for the circuit court "to determine why [neither] Abdeldayem nor his attorney received the State's response and the order denying the Rule 32 petition, to determine, based on the circumstances, whether his due process rights were violated, . . . and to reconsider the denial of the petition based on the lack of service." (State's initial brief at p. 12.) By requesting a determination as towhy neither Abdeldayem nor his counsel received the State's response or the circuit court's orders — as opposed to a determination of whether Abdeldayem and his counsel received the State's response and the circuit court's orders — the State has conceded that Abdeldayem and his counsel in fact did not receive those documents and that the only issue left to resolve is the reason for the lack of service and whether that reason violated Abdeldayem's due-process rights. However, under the circumstances in this case, the reason for the lack of service is not relevant in determining whether the lack of service violated Abdeldayem's due-process rights. Thus, it is unnecessary to remand this case for a determination in this regard.
[4] Indeed, the case-action summary indicates that it was not until July 27, 2006, after the notice of appeal had been filed, that Gespass was even recognized by the circuit court as representing Abdeldayem.
[5] In its response, the State refers to Abdeldayem's "claims," "issues," and "allegations" (C. 11-12), thus indicating that Abdeldayem raised more than one issue under the ground he checked on the Rule 32 form indicating that "[t]he Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief."
[6] On February 26, 2007, after this case was submitted to this Court, Abdeldayem filed a "Motion to Remand," essentially reasserting the argument he presented in his brief. Because of our disposition of this case, that motion is now moot.